

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD–1121–09

**EUGENE MERCIER, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### HIDALGO COUNTY

**MEYERS, J., delivered the opinion of the unanimous Court.**

### O P I N I O N

Appellant, Eugene Mercier, was convicted of conspiracy to commit barratry. The jury sentenced him to two years' confinement, suspended for five years with community supervision, and a fine of $7,500. The trial court granted Appellant's motion for a new trial and entered an order of acquittal based on insufficient evidence. The court of appeals reversed the trial court and remanded the cause for entry of the original jury verdict. *State v. Mercier*, 164 S.W.3d 799 (Tex. App.–Corpus Christi-Edinburg 2005)

(*Mercier I*).  On remand, the trial court reduced the sentence to six months in state jail, suspended for two years, and a fine of $7,500.  Appellant appealed, and the court of appeals reversed the trial court's judgment and dismissed the case because it granted the limitations claim.  *Mercier v. State*, No. 13-06-00298-CR, 2009 Tex. App. LEXIS 3349 (Tex. App.–Corpus Christi-Edinburg May 14, 2009) (not designated for publication) (*Mercier II*).  The State filed a petition for discretionary review asking whether a harm analysis is necessary when a trial court fails to grant a motion to quash an indictment that does not toll the statute of limitations.  We granted the petition to determine whether the court of appeals erred in failing to conduct a harm analysis.  We will reverse.

## FACTS AND PROCEDURAL HISTORY

Appellant was charged with barratry and conspiracy to commit barratry.  The first indictment was returned by the grand jury on March 21, 2000, and alleged that the two counts of conspiracy to commit barratry occurred on or about September 30, 1997.  Appellant was reindicted for the same offenses on December 19, 2001, and the first indictment was dismissed two days later.  In the second indictment, the offenses were outside the three-year limitations period, and no tolling factors were included.

Appellant filed a pretrial application for writ of habeas corpus seeking his release based on the expiration of the limitations period.  The trial judge denied the motion.  After the jury was sworn, Appellant filed a motion to dismiss, asking the judge to reconsider the issue of the statute of limitations.  The trial judge again denied the motion.

After the State rested, Appellant asked the judge to enter, or to order the jury to enter, a judgment of acquittal or not guilty on the grounds that the indictment was time barred. The request was denied by the trial judge. The defense closed without presenting evidence, and the jury found Appellant guilty of conspiracy to commit barratry. Appellant filed a motion for a new trial raising multiple claims, including that the evidence was legally and factually insufficient to support his conviction and that the prosecution was barred by limitations. The trial court granted the motion and entered an order of acquittal, finding Appellant not guilty of the crime charged. The State appealed,[1] and the court of appeals considered whether the evidence was legally sufficient to sustain the conviction. The court of appeals stated:

> After reviewing all the evidence, we conclude that a rational trier of fact could have found beyond a reasonable doubt the essential elements of the offense. We conclude the evidence is legally sufficient. Thus, even applying deferential standards as we must, we conclude that, on this record, the trial court abused its discretion in granting a new trial and vacating the verdict on legal insufficiency grounds.

*Mercier I*, 164 S.W.3d at 823. The court of appeals reversed the trial court's order and remanded the case for entry of judgment reflecting the jury's verdict. On remand, the trial court reduced the sentence. Appellant then filed an appeal seeking dismissal.

## COURT OF APPEALS

---

[1] *See* Code of Criminal Procedure Article 44.01(a), stating in relevant part that the State is entitled to appeal an order in a criminal case if the order: (1) dismisses an indictment, (2) arrests or modifies a judgment, or (3) grants a new trial. All future references to Articles refer to the Texas Code of Criminal Procedure.

On appeal, Appellant argued that the trial court erred in denying his motions to dismiss based on the statute of limitations. He claimed that because the second indictment pleaded an offense outside the limitations period and did not plead a tolling provision, the indictment was fatally defective and should have been dismissed. The State responded that it was not required to plead tolling factors in the second indictment.

The court of appeals determined that *Tita v. State*, 267 S.W.3d 33 (Tex. Crim. App. 2008), was directly on point and held that since the State failed to plead its reliance on the tolling provision in the second indictment, the trial court erred in denying the motion to dismiss. However, the court of appeals disagreed with *Tita* regarding whether this error was subject to a harm analysis. *Tita* held that failure to plead tolling facts in the indictment was a defect of substance and remanded for a harm analysis under Rule of Appellate Procedure 44.2(b). The court of appeals cited cases stating that a defect of substance is harmful per se or requires reversal without a showing of harm. *Mercier II* at *12-13. The court also cited Dix and Dawson, 41 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 20.42 (2d ed. Supp. 2008), which states, "An erroneous failure to sustain an objection raising a defect of substance apparently requires automatic reversal regardless of whether the appellant was harmed." According to the court of appeals, *Tita*'s remand "creates substantial confusion." *Mercier II* at *9. The court of appeals concluded that *Jackson v. State*, 718 S.W.2d 724 (Tex. Crim. App. 1986), is controlling in cases of a defect of substance and pointed out that the Court in

*Jackson* reversed a conviction based on a defect of substance without conducting a harm analysis.

The court of appeals said that applying Rule 44.2(b) to defects of substance would render Code of Criminal Procedure Article 21.19 meaningless because Rule 44.2(b) would provide the same review for defects of substance as for defects of form. And *Jackson* said that the standard for defects of form, in which reversal is appropriate only if the defect prejudiced the defendant's substantial rights, does not apply to defects of substance. *Jackson*, 718 S.W.2d at 725 n.1. Therefore, the court of appeals determined that applying a harm analysis to substantive defects in an indictment is inconsistent with *Jackson*. Because we did not overrule *Jackson*, the court of appeals disregarded *Tita*'s remand for a harm analysis and instead followed *Jackson*. The court of appeals reversed the trial court and dismissed the prosecution. *Mercier II* at *19.

The State filed a petition for discretionary review asking, "Is the trial court's erroneous failure to quash a charging instrument for its omission of language tolling the statute of limitations subject to a harmless-error analysis?"

## ARGUMENTS OF THE PARTIES

The State says that the trial court's error in failing to quash the indictment is subject to a harm analysis under Rule 44.2(b). The State infers that the reasons for the difference in holdings in *Jackson* and *Tita* are the intervening decision in *Cain v. State,* 947 S.W.2d 262 (Tex. Crim. App. 1997), and the promulgation of Rule 44.2(b). *Cain*

explicitly said that a harm analysis must be conducted for all but structural errors, and an indictment's failure to allege tolling facts is not structural under the Supreme Court's definition. *Id*. at 264. *See Arizona v. Fulminante*, 499 U.S. 279, 310 (1991) (stating that a structural error is a "defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself"). The State says the harm standard from Rule 44.2(b) should be applied. Prior to the promulgation of Rule 44.2, all errors were subject to the same standard, and any error required reversal unless the appellate court determined beyond a reasonable doubt that the error did not contribute to the conviction or punishment. After Rule 44.2, the harm standard used depends on whether the error is constitutional or non-constitutional. For reversal on non-constitutional errors, the error must affect the defendant's substantial rights. The State argues that *Cain* extends harm analysis to all except for structural errors and that the proper standard for harm analysis of a non-constitutional defect of substance in an indictment is Rule 44.2(b).

Appellant argues that Article 21.02(6) requires the face of the indictment to show a time that is not so remote that the prosecution of the offense is barred by limitations. Appellant claims that his constitutional rights were violated and that the court of appeals was correct in reversing the trial court due to "structural and reversible systemic errors affecting the entire framework of this prosecution." Appellant states that this Court should not apply Rule 44.2(b) to a preserved limitations issue and that the State forfeited and waived the opportunity to have this reviewed for harm. Appellant says that the Rule

44.2(b) directions in *Tita* are "unconstitutional dictum" and that this is fundamental structural error that defies analysis and can never be proven harmless under Rule 44.2.

Appellant argues that if the error is subject to a harm analysis, it is constitutional error and must be analyzed under Rule 44.2(a). Appellant claims that dismissal was certain due to the substantive defect in the charging instrument, and this demonstrates prejudice to his due-process rights and violates the Separation of Powers clause, the due course of law, and ex post facto prohibitions. Appellant argues that the court of appeals cannot determine beyond a reasonable doubt that the error did not contribute to conviction.

Alternatively, if the error is not constitutional and is analyzed under Rule 44.2(b), Appellant says the error must be found harmful because it affects his substantial rights. Appellant claims that the trial court's failure to grant his pretrial motion to dismiss resulted in a violation of the following rights: to be free from prosecution after the expiration of limitations, to have a sufficient indictment, to not be convicted of a crime alleged in a facially time-barred indictment, to proceed as if no prosecution had been commenced, to be fully discharged if the offense was barred by limitation before another indictment could be presented, and to proceed under an amended indictment. He states that, "Due to the certainty appellant obtained a conviction for an offense that was limitation time-barred, the error in the indictment had more than a slight influence on the jury's verdict and thus affected Mercier's substantial rights such as to require dismissal of

the indictment and the prosecution."

## CASELAW

The court of appeals relied on *Jackson* to conclude that it was not necessary to conduct a harm analysis. The issue in *Jackson* was whether the charging instrument was fundamentally defective and thus subject to a motion to quash. The conviction was reversed based on a defect of substance in the information, and no harm analysis was conducted. The Court in *Jackson* did not discuss harm analysis, but simply stated in a footnote that it need not concern itself with recent decisions holding that defects of form are not grounds for reversal unless the defect itself prejudiced the defendant's substantial rights. 718 S.W.2d at 725, citing *Adams v. State*, 707 S.W.2d 900 (Tex. Crim. App. 1986).

A decade later, but before Rule 44.2(b) became effective, we decided *Cain v. State*. In *Cain*, we determined that "Except for certain federal constitutional errors labeled by the United States Supreme Court as 'structural,' no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis." 947 S.W.2d at 264. Structural errors that are not subject to a harm analysis include total deprivation of the right to counsel at trial, a judge who is not impartial, unlawful exclusion of members of the defendant's race from the grand jury, the right to self-representation at trial, and the right to a public trial. *Arizona v. Fulminante*, 499 U.S. at 309-10. The harm standard we used in *Cain* was Rule of

Appellate Procedure 81(b)(2). However, effective September 1, 1997 (less than three months after *Cain* was handed down), Rules 80(d), 81, and 83 were merged into Rule 44. At that point, the standard for non-constitutional errors became Rule 44.2(b), which states, "Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."

The facts in *Tita* are very similar to those in the case before us. Tita filed a pretrial motion to dismiss his indictment on the grounds that it was barred by the statute of limitations. The State argued that the statute of limitations was tolled by previous indictments. The trial court denied the appellant's motion as well as his motions for instructed verdict during the trial. The court of appeals affirmed the trial court, holding that the statute of limitations was a defense that the State did not have to negate in the indictment. 267 S.W.3d at 36. We disagreed and determined that the State was required to plead tolling facts in the indictment in order to avoid dismissal. *Id*. at 38. We reversed and, without addressing the issue of harm ourselves, remanded the case to the court of appeals for a harm analysis under Rule 44.2(b).

Recently, in *Smith v. State*, we concluded that the failure to allege in the indictment acts constituting recklessness was a defect of substance since recklessness was an element of the offense charged. Citing *Tita*, we stated, "Though we have intimated that a harm analysis would apply to substance defects, we have never squarely addressed the issue." We remanded the case to the court of appeals to determine what, if any, harm analysis

applies. *Smith*, 309 S.W.3d 10, 19 (Tex. Crim. App. 2010).

## ANALYSIS

At the time of our holding in *Smith*, we had not yet been directly called upon to determine whether a defect of substance is subject to a harm analysis. For this reason, we remanded *Smith* for the court of appeals to consider this issue. However, because we granted the review before us for the express purpose of answering this question, we will address it here.

Code of Criminal Procedure Article 21.02(6) requires that an indictment indicate on its face that a prosecution thereunder is not barred by the applicable statute of limitations. We agree with the court of appeals that the indictment in this case is defective and that the trial court erred in refusing to grant Appellant's motion to quash the indictment. We also agree that this is a defect of substance. *See* Code of Criminal Procedure Article 27.08(2) (stating that it is an exception to the substance of an indictment if "it appears from the face thereof that a prosecution for the offense is barred by a lapse of time"); *cf.* Article 27.09 (listing defects of form in an indictment or information).

We disagree with the court of appeals's decision to ignore *Tita*'s remand for a harm analysis. The court of appeals was correct that *Tita* is directly on point and the court of appeals should have understood from our remand in *Tita* that a harm analysis under Rule 44.2(b) applies to this case as well. The court of appeals overlooked *Cain*'s holding

that only errors labeled as structural by the Supreme Court are immune from a harm analysis and disregarded the fact that Rule 44.2(b) was promulgated after *Jackson* and *Cain* to deal with non-constitutional errors.

We also disagree with the court of appeals that analyzing harm from a defect of substance under Rule 44.2(b) renders the analysis of defects of form in Article 21.19 meaningless. Article 21.19 states that "An indictment shall not be held insufficient, nor shall the trial, judgment or other proceedings thereon be affected, by reason of any defect of form which does not prejudice the substantial rights of the defendant." Therefore, unless proceeding under the indictment violates the defendant's substantial rights, the trial court does not err by allowing the trial to go on. The purpose of Rule 44.2(b) is for appellate courts to determine whether a non-constitutional error that occurred at the trial affected the defendant's substantial rights, and if it did, then the error is reversible. Rule 44.2 does not consider whether the error is a defect of form or a defect of substance; rather it differentiates between constitutional error and other errors. Thus, while there may be some overlap between the two provisions, Article 21.19 is specific to defects of form and applies before, during, or after the trial, while Rule 44.2(b) deals with other error in general, including defects of substance, but only at the appellate level.

Article 27.09 outlines the only complaints about the form of the indictment that a defendant may raise, but unless those defects of form prejudice his substantial rights, the indictment will be deemed sufficient under Article 21.19 and the prosecution will

continue. Under Article 27.08, a defendant may raise complaints about the substance of the indictment, and if those defects are present, then the indictment should be dismissed. However, if the trial court errs in failing to dismiss the indictment, then that error will be subject to a harm analysis under Rule 44.2.

## CONCLUSION

A harm analysis under Rule of Appellate Procedure 44.2(b) is necessary when an indictment is defective due to the lack of a tolling provision. We reverse the court of appeals and remand for a harm analysis.

Meyers, J.

Delivered: October 6, 2010

Publish