Opinion
issued October 27, 2011.



In
The

 

Court of Appeals

 

For
The

 

First District of Texas

 

————————————



NO. 01-07-00860-CR

 

———————————

Joseph Denver Smith,
Appellant

 

V.

 

State of Texas, Appellee



 



 

On Appeal from the County Criminal Court at Law
4

Harris County, Texas

Trial Court Case No. 1447260



 



 

 

 

 

MEMORANDUM
OPINION

 

          A jury convicted appellant Joseph
Denver Smith of indecent exposure.  The
court assessed a punishment of 180 days’ confinement, probated for a period of
eighteen months, and a fine of $500.00. 
Smith initially argued that the trial court erred in denying his motion
to quash the information charging him with indecent exposure due to a
“fundamental defect.”  A panel of our
court affirmed.  The Court of Criminal
Appeals granted review on the issue and reversed our court, holding that, although
the information did not have a “fundamental defect,” it nonetheless was
defective in substance insofar as it failed to allege the particular act or
acts relied on by the State to show Smith’s recklessness.  The Court of Criminal Appeals remanded the
case back to our court for a determination of what harm analysis, if any,
applies to a defect of substance in an information.  In Mercier
v. State, the Court of Criminal Appeals later clarified that Rule of
Appellate Procedure 44.2(b) is the appropriate harm analysis to apply to a
defect in substance in a charging instrument. 
322 S.W.3d 258, 264 (Tex. Crim. App. 2010).  Having conducted the Rule 44.2(b) harm
analysis, we find that the defect in substance in this case did not affect
Smith’s substantial rights.  We
affirm.  

Background

On the afternoon of April 12, 2007, an undercover Houston
police officer, Farquhar, parked in a parking lot in Memorial Park.  Officer Farquhar was working undercover as
part of a response to reports of individuals engaging in sexual behavior in
that area of the park.  From his unmarked
vehicle, Officer Farquhar watched Smith drive up and park nearby.  The two men exchanged glances and nods.  Officer Farquhar then left his car and walked
down a path to the patio area of a bathroom building in the park.  A short time later Smith left his car and
joined Officer Farquhar outside the bathroom building.  The two stood approximately one to two feet
apart.  Officer Farquhar placed his hand
in his pants as if to touch his genitals, and Smith masturbated, eventually
exposing his penis to Farquhar.  Farquhar
then identified himself as a police officer and arrested Smith.  

Smith was charged by information with indecent exposure
under Texas Penal Code section
21.08, which provides in relevant part:  

A person commits an offense
if he exposes his anus or any part of his genitals with intent to arouse or
gratify the sexual desire of any person, and he is reckless about whether
another is present who will be offended or alarmed by his act.

 

Tex. Penal Code Ann. § 21.08 (West 2011).

The information charging Smith alleged:

[I]n Harris County, Texas JOSEPH DENVER SMITH,
hereafter styled the Defendant heretofore on or about APRIL 12, 2007, did then
and there unlawfully expose his GENITALS to S. FARQUHAR with intent to arouse
and gratify the sexual desire of THE DEFENDANT, and the Defendant was reckless
about whether another person was present who would be offended and alarmed by the
act, to wit: THE DEFENDANT EXPOSED HIS PENIS AND MASTURBATED.

 

Smith moved to quash the information on the basis that the
State failed to allege what act or acts constituted recklessness as required by
article 21.15 of the Texas Code of Criminal Procedure.  Specifically, Smith argued that the State did
not allege that the acts occurred in a public place.  Article 21.15 provides:

Whenever
recklessness or criminal negligence enters into or is a part or element of any
offense, or it is charged that the accused acted recklessly or with criminal
negligence in the commission of an offense, the complaint, information, or
indictment in order to be sufficient in any such case must allege, with
reasonable certainty, the act or acts relied upon to constitute recklessness or
criminal negligence, and in no event shall it be sufficient to allege merely
that the accused, in committing the offense, acted recklessly or with criminal
negligence.

 

See Tex. Code Crim. Proc.
Ann. art. 21.25 (West 2010).  The
trial court overruled Smith’s motion to quash. Smith pleaded not guilty and,
following a one-day jury trial, was found guilty and sentenced by the
court.  

          Smith appealed
the denial of his pretrial motion to quash. 
This court held that the information sufficiently described the acts
relied upon to constitute recklessness, and that the trial court did not err by
denying Smith’s motion to quash the information.  Smith
v. State, No. 01-07-00860-CR, 2008 WL 4965322, at *2 (Tex. App.—Houston [1st
Dist.] Nov. 20, 2008), rev’d, 309
S.W.3d 10 (Tex. Crim. App. 2010) (holding that the requirement that the State
allege “the circumstances of the act which indicate that the defendant acted in
a reckless manner” was “met by the assertion that appellant ‘exposed his penis
and masturbated’”).   

          The Court of
Criminal Appeals granted review and reversed. 
It held that, while the information was “sufficient to satisfy due-process
notice requirements,” this court had erred in finding the information satisfied
the requirements of article 21.15.  Smith v. State, 309 S.W.3d 10, 19 (Tex.
Crim. App. 2010).  It noted that the information
“would have sufficiently apprised Smith of the act or acts constituting
recklessness if the State had alleged that Smith exposed his penis and
masturbated in a public place.  Indeed,
that is what the State ultimately showed at trial.”  Id.
at 16.  The Court found the error in the
information was a defect of substance.  Id. at 18.  It concluded by noting that
it had “never squarely addressed” which, if any, harm analysis would apply to
substance defects that did not implicate constitutional concerns and remanded
the case for this court to determine which harm analysis, if any, should
apply.  

Discussion

Mercier
answers the question 

 

Five months after the Court of Criminal Appeals remanded this
case, it decided Mercier v.
State.  322 S.W.3d 258, 263 (Tex.
Crim. App. 2010).  In Mercier, the appellant appealed the trial
court’s denial of his motion to quash the indictment for failure to include
language concerning tolling of the statute of limitations.  Id.
at 259.  The Corpus Christi Court of Appeals
found the failure to include the language was a defect in substance but
declined to apply a harm analysis.  Id. at 260–61.  The Court of Criminal Appeals held that the
court of appeals erred in not applying a harm analysis as the Court had
outlined in Tita v. State, a similar
indictment defect case.  Id. at 263; see Tita
v. State, 267 S.W.3d 33 (Tex. Crim. App. 2008).  The Court reversed and remanded, directing
the court of appeals to conduct a harm analysis under Texas Rule of Appellate
Procedure 44.2(b).  Id. at 263–64 (noting Texas Rule of Appellate
Procedure 44.2(b) deals with non-constitutional error, including defects of
substance).  In Mercier, the Court made it clear that its holding applies to this
case as well: it expressly states that Mercier
answers the question left open—and remanded for us to decide—in Smith. 
Id. at 263. 
Accordingly, although Smith contends, without explanation, that Mercier “is not controlling for purposes of
this case,” we conclude that Mercier requires us
to apply a Rule 44.2(b) harm analysis to this case.

Rule 44.2 standards

Texas Rule of Appellate Procedure Rule 44.2, which
governs reversible error in criminal cases, bifurcates harm analysis.  Subsection (a) applies to constitutional error
while (b) applies in cases involving non-constitutional error.  See Tex.
R. App. P. 44.2.[1]  We apply 44.2(b) because the error at issue is
not constitutional in nature.  See Smith, 309 S.W.3d at 19 (information did not
satisfy requirements of article 21.15 but was “sufficient to satisfy due-process
notice requirements”).  

In applying
Rule 44.2(b), an appellate court must disregard non-constitutional error unless
it affects the appellant’s substantial rights. 
Barshaw v. State, 342
S.W.3d 91, 93 (Tex. Crim. App. 2011).  An
appellate court should not overturn a criminal conviction for
non-constitutional error “if the appellate court, after examining the record as a whole, has fair
assurance that the error did not influence the jury, or influenced the jury only
slightly.”  Id. (emphasis original) (reversing court of appeals’
holding that error was harmful and remanding for a full harm analysis); Nonn v. State, 117 S.W.3d 874, 881 (Tex.
Crim. App. 2003) (in conducting 44.2(b) harm analysis, appellate courts must
decide whether the error had a substantial or injurious effect on the jury
verdict); Morales v. State, 32 S.W.3d
862, 867 (Tex. Crim. App. 2000) (“A substantial right is affected when the
error had a substantial and injurious effect or influence in determining the
jury’s verdict.”).  

In considering the potential to harm, the focus is not on
whether the outcome of the trial was proper despite the error, but whether the
error had a substantial or injurious effect or influence on the jury’s
verdict.  Barshaw, 342
S.W.3d at 93–94. A conviction must be reversed for non-constitutional
error if the reviewing court has grave doubt that the result of the trial was
free from the substantial effect of the error. 
Id. at 94.  “Grave
doubt” means that “in the judge’s mind, the matter is so evenly balanced that
he feels himself in virtual equipoise as to the harmlessness of the
error.”  Id. (quoting Burnett v. State, 88 S.W.3d
633, 637–38 (Tex. Crim. App. 
2002)).  In cases of grave doubt
as to harmlessness, the appellant must win. 
Id.  

Properly admitted evidence of guilt is one factor to consider
when performing an analysis under Rule 44.2(b). 
Nonn, 117
S.W.3d at 883.  Another relevant factor is the
character of the alleged error and how it might be considered in connection
with other evidence in the case.  Id.  The Court
of Criminal Appeals elaborated further on the analysis in Morales:

In assessing the likelihood
that the jury’s decision was adversely affected by the error, the appellate
court should consider everything in the record, including any testimony or
physical evidence admitted for the jury’s consideration, the nature of the evidence
supporting the verdict, the character of the alleged error and how it might be
considered in connection with other evidence in the case.  The reviewing court might also consider the
jury instruction given by the trial judge, the State’s theory and any defensive
theories, closing arguments and even voir dire, if material to appellant’s
claim.

32 S.W.3d
at 867. 

Finally, when the error
relates to a defect in the charging instrument, it is appropriate to consider
whether the instrument, as written, fails to inform the defendant of the crime
charged so as to allow him to prepare an adequate defense at trial, and whether
the instrument would subject the defendant to the risk of being prosecuted
later for the same crime.  See Gonzalez
v. State, 337 S.W.3d 473, 480 (Tex. App.—Houston [1st Dist.] 2011,
pet denied) (citing Gollihar
v. State, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001); Tita v. State, No. 14-06-00736-CR, 2009
WL 1311813 *2 (Tex. App.—Houston [14th Dist.] May 7, 2009, pet. ref’d) (mem.
op., not designated for publication) (considering whether the charging
instrument, as written, informed defendant of the charge against him
sufficiently to allow him to prepare an adequate defense at trial, and whether
prosecution under the deficiently drafted charging instrument
would subject him to the risk of being prosecuted later for the same crime).    

Application of Rule 44.2(b)

A.   Smith’s contentions regarding harm

Smith contends he was harmed by the deficient information
throughout the trial, but his allegations fall into two categories.  First, Smith claims he was left to “guess
what acts the State might say constitute recklessness on his part,” rendering
his pre-trial investigation ineffective. 
The Court of Criminal Appeals has already resolved this lack of notice
claim against Smith.  Smith, 309 S.W.3d at 16 (finding “the
information charging Smith with indecent exposure was sufficient to satisfy
due-process notice requirements”).  We must
follow its holding.

Because the error relates to a charging instrument, we
consider whether the information failed to inform Smith of the charges being
brought against him as to allow him to prepare an adequate defense at trial,
and whether the instrument would subject him to the risk of being prosecuted
later for the same crime.  See Gonzalez, 337 S.W.3d at 480 (citing Gollihar, 46 S.W.3d at 246).  Based on the Court of Criminal Appeals’
finding that the information was sufficient to satisfy due-process notice
requirements, we conclude that, despite the error in the information, the
information informed Smith of the crime charged and did not impair his ability
to prepare an adequate defense at trial. 
See id.; see also Tita, 2009 WL
1311813 at *2 (holding that the absence of a tolling paragraph in the
indictment “did not deprive appellant of notice of the conduct or offense for
which he was being prosecuted”).  Nor did
the error in the information subject Smith to the risk of being prosecuted
later for the same crime.  See Tita, 2000 WL
1311813 at *2 (absence of a tolling paragraph in the indictment did not affect
double jeopardy concerns).  

Smith’s second contention is that the omission in the
information effectively lowered the State’s burden of proof because the jury
was able to convict Smith without a finding of all of the elements of the
offense—specifically, without a finding of recklessness—beyond a reasonable
doubt.  For example, Smith complains that
there was insufficient discussion throughout the trial of the element of
recklessness, including how it could or must be proved in this case.  Smith also contends that the jury did not
understand that the State had the burden to prove Smith’s recklessness beyond a
reasonable doubt.  We examine the record
as a whole in light of this contention to determine whether the error had a
substantial or injurious effect or influence on the jury’s verdict.  Barshaw, 342
S.W.3d at 93–94.

B.  
Evidence
and discussion of “recklessness” at trial

The jury heard substantial evidence of Smith’s guilt,
including extensive discussion of the issue of recklessness throughout the
trial.  The State began its voir dire by
listing the elements of the offense, including recklessness:

The
State has to prove beyond a reasonable doubt that on April 12, 2007, in Harris
County, Texas, the defendant, Joseph Denver Smith, unlawfully exposed his
genitals to S. Farquhar with the intent to arouse and gratify the sexual desire
of the Defendant and he did so in a reckless manner with some people being present, basically, to wit:  he exposed his penis and masturbated.  Now I
have to prove each and every single one of these elements beyond a reasonable
doubt. 

 

The State
explained that the presence of other people is what made Smith’s exposure and
masturbation reckless.

The trial court had made similar comments to the venire.  It explained that one of Smith’s potential
defenses might be that “he wasn’t reckless about whether or not another person
was present that could be alarmed by his act.” 
It elaborated:  

Let’s
just say that you have the need to gratify yourself. . . . You go back in a
real private place.  Let’s put you in
your car.  You’re parked on the top floor
of the parking lot at 10:00 o’clock at night and the garage is closed and
you’re being kind of cautious about anybody being around.  The garage is closed, lights off, and you’re
parked in your car.  You go ahead and do
the act anyway.  Well, somebody sees you
doing it.  The question was:  Were you reckless about whether a person
being present who would be alarmed or offended by the act?  If you weren’t reckless, it’s not an offense.
. . . So the question is a matter of privacy. . . . If you weren’t reckless
about where you are doing this act, it’s not a crime.  

 

The trial
court later gave another example involving masturbation in a public restroom
stall in the Galleria, noting it might be reckless to masturbate in the open
area of the restroom as opposed to in a closed, locked stall at closing time in
that same public restroom.  

Finally, Smith’s counsel told the venire that recklessness
was an element of the offense.  She
referred to an example used by the court involving somebody “going into the
woods or needing to urinate or going somewhere very secluded and urinating” and
repeated: 

If someone goes and checks it out and makes
sure that nobody else is around that person has not committed a crime.  They have not been reckless. . . . Recklessness
is not just ignoring risks, but you have to be ignoring a substantial and
unjustifiable risk of somebody coming across you with your pants down to your
knees or masturbating or whatever.

In addition
to the discussion during voir dire, the jury heard substantial amount of evidence
relevant to the question of Smith’s recklessness.  Officer Farquhar, the only trial witness,
testified that the incident took place at 1:35 in the afternoon, during the
park’s operational hours.  The jury saw
photographs of the parking lot, the area behind the bathroom where Smith
exposed his penis, and the path that leads from the parking lot to the
bathroom.  There was testimony about the
distance from the path to the area, how long it takes to walk from the parking
lot to the area in which Smith exposed himself, whether the path is open to the
public, and whether Smith was visible from the parking lot or park trail.  

On cross-examination, Officer Farquhar admitted that the area
around the parking lot is fairly heavily wooded and that the ground cover in
the area consists of leaves and debris.  He
testified that he personally could not hear Smith’s footsteps as Smith
approached, but that he did not know whether others would be able to hear a
hypothetical passerby if one were approaching the area.  When asked whether the area was “well
enclosed,” he responded that there are trees around the area, but also “aspects
that make that area visible.”  He also
said there were “lots of bike riders going around” and that “somebody else
could have come around the corner” and seen them.  Farquhar also reenacted the scene at the park
to demonstrate the positions in which he and Smith were standing, their
proximity to one another, and the extent to which their respective positions
and the short distance between them prevented others from observing that Smith
was masturbating.  

The jury charge recited the elements of the offense,
including recklessness.  It defined
recklessness.  And it informed the jury
that the prosecution bore the burden of proving Smith guilty by “proving each
and every element of the offense charged beyond a reasonable doubt[.]”  

In closing argument, Smith’s
counsel told the jury:

Even if you believe the officer that Mr. Smith exposed himself and
masturbated in those woods, we’ve got a little problem with the elements of
this offense.  This (demonstrating) is
the Prosecutor’s analysis for you of the elements of this offense, but she’s
left something out here.  She’s left out
that you have to be reckless about whether another person was present and
whether that person is likely to be offended or alarmed by their behavior.  You have to be reckless about that. . . . Nobody
is gonna be able to see Mr. Smith doing whatever he was doing, even if he was
doing it, which is something that we question. 
This area is extremely secluded. . . . Was Mr. Smith reckless even if
people would happen by?  He knew nobody
was there except Officer Farquhar. . . . So, I don’t know if you believe
the  officer or not, but if, in fact, you
do, the bottom line is Mr. Smith was not reckless with regards to whether or
not another person was present who would be alarmed or offended by his
actions.  That’s all I have, ladies and
gentlemen.  He needs to be acquitted. 

 

The State
also addressed recklessness extensively in its closing argument:  

[P]eople
see this.  That’s why it’s indecent.  Because people walk up and they are alarmed
and offended.  Because the men who
participate in these activities are reckless. . . . This is in a wooded area at
Memorial Park.  This is next to a wooded
path.  This is next to a trail, next to a
bike path.  Next to a parking lot. . . . The
defendant was reckless in the sense that at any moment that this was happening,
a kid could have walked up and seen. 
That’s why it’s reckless.  A kid
could have walked up.  A parent could
have walked up.  A bike rider could have
walked up to use the restroom where he’s doing this. 

 

Our review of the record as a whole reveals that the jury was
informed, repeatedly and in detail, that recklessness was an element of the
offense and that the State had the burden to prove Smith’s recklessness beyond
a reasonable doubt.  Contrary to Smith’s contention
that the jury was misled about whether recklessness was an element of the burden
of proof, the record as a whole does not convey that the jury could convict
without finding recklessness based on a finding beyond a reasonable doubt that Smith
exposed his penis and masturbated, without finding that it occurred in a public
place.  Rather, the jury was informed
that, in order to convict Smith, it must also determine that Smith was reckless
beyond a reasonable doubt, and that, to make such a finding, it should consider
the surrounding circumstances, including, for example, whether the area in
which he exposed his penis and masturbated was secluded, enclosed, lit, and visible
from the park path.  Moreover, the State
did not capitalize on the error before the jury, to the contrary, it proceeded
on the basis of a proper charge.  Only
Smith’s attorney mentioned in closing that the prosecutor had left something out.  Given the record as a whole, we find this comment
insufficient to affect Smith’s substantial rights.  See Nonn, 117 S.W.3d at 883 (finding no
harm under Rule 44.2(b) even though there were specific references to the
wrongfully admitted statement of appellant); see also Motilla v. State, 78 S.W.3d 352, 359–60 (Tex.
Crim. App. 2002) (noting the State’s lack of emphasis on the wrongfully
admitted testimony as a relevant factor in finding no harm). 

Considering all of these factors and our review of the record
as a whole, we find that the error in the information did not have a
substantial or injurious effect or influence on the jury’s verdict.  Barshaw, 342
S.W.3d at 93–94; see Motilla, 78
S.W.3d at 359–60 (considering all evidence and relevant factors, error in
admitting testimony was harmless under a Rule 44.2(b) analysis); see also Nonn, 117 S.W.3d at 883 (looking to the relevant analysis factors,
error in admitting appellant’s statement was not harmful under Rule 44.2(b)); Coleman v. State, 131 S.W.3d
303, 313 (Tex.
App.—Corpus Christi 2004, pet. ref’d) (when indictment failed to allege acts
constituting recklessness, the defect found not harmful because defendant was
sufficiently aware of the acts to prepare a defense). 




 

Conclusion

After
examining the record as a whole, we conclude that the State’s failure to allege
in the information the acts relied on to show recklessness did not affect
Smith’s substantial rights.  Accordingly,
under Rule 44.2(b), we must disregard the error.  The judgment of the trial court is affirmed.

 

                                                                   Rebeca
Huddle

                                                                   Justice


 

Panel consists of Chief
Justice Radack and Justices Bland and Huddle.

Do not publish.   Tex. R. App. P. 47.2(b).











[1]           Texas
Rule of Appellate Procedure 44.2 provides:

(a)  Constitutional
Error.  If the appellate record in a criminal case
reveals constitutional error that is subject to harmless error review, the
court of appeals must reverse a judgment of conviction or punishment unless the
court determines beyond a reasonable doubt that the error did not contribute to
the conviction or punishment.

 

(b)  Other
errors.  Any other error, defect, irregularity, or
variance that does not affect substantial rights must be disregarded.

 

Tex. R. App. P.
44.2(b).