# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH
### NO. 02-12-00102-CR


PAUL LEONE                                                            APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

## FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

## OPINION

------------

Appellant Paul Leone appeals from his conviction for harassment by a person in a correctional facility.  *See* Tex. Penal Code Ann. § 22.11 (West 2011). We affirm.

Appellant has an extensive criminal record:  a sexual-assault conviction in 1986, an indecency-with-a-child conviction in 1988, and a capital-murder conviction in 1996.  In 2006 and while Appellant was incarcerated, Appellant caused another person "to contact urine of a person."  Appellant pleaded guilty,

and the trial court sentenced him to three years' confinement.  Appellant appeals and argues, as he did in a pretrial motion to set aside the indictment, that the trial court had no jurisdiction to adjudicate the offense alleged in the indictment because the indictment on its face stated it was returned by a grand jury outside of its term.

The indictment in this case alleged an offense under section 22.11 of the penal code, and appellant does not challenge this portion of the indictment on appeal.[1]  The indictment recited that the grand jury that returned the indictment was "duly organized at the January Term A.D. 2007"; however, the indictment was filed November 5, 2008, which was well after the end of the six-month term for the January 2007 grand jury.[2]  *See* Tex. Gov't Code Ann. § 24.012(a) (West Supp. 2013), § 24.132(c) (West 2004).  Appellant filed a pretrial motion to set aside the indictment arguing that the indictment's failure to state it was returned by a properly empaneled grand jury rendered it invalid, divesting the trial court of jurisdiction.  *See* Tex. Code Crim. Proc. Ann. arts. 27.08(4), 27.09(3) (West 2006).  The trial court held a hearing at which the State made an oral motion to amend the indictment "to correctly reflect that it was returned by the July 2008 Grand Jury."  The trial court granted the motion to amend and denied the motion

---

[1]Appellant argued in his pretrial motion to set aside that the indictment failed to allege an offense under section 22.11.  *See* Tex. Code Crim. Proc. Ann. art. 27.08(1) (West 2006).

[2]The trial court did not extend the term of the January 2007 grand jury. *See* Tex. Code Crim. Proc. Ann. art. 19.07 (West 2005).

to set aside the indictment. After entering his guilty plea and receiving a three-year sentence, Appellant filed a notice of appeal.

As stated above, Appellant raises a discrete issue: whether the trial court had jurisdiction over the charged offense in light of the grand-jury defect in the indictment. As a question of law, we review the sufficiency of the indictment to confer jurisdiction on the trial court de novo. *Pollock v. State*, 405 S.W.3d 396, 403 (Tex. App.—Fort Worth 2013, no pet.) (citing *Smith v. State*, 297 S.W.3d 260, 267 (Tex. Crim. App. 2009), *cert. denied*, 559 U.S. 975 (2010)). To confer jurisdiction on a trial court, an indictment must charge: (1) a person and (2) the commission of an offense. *Teal v. State*, 230 S.W.3d 172, 179 (Tex. Crim. App. 2007) (relying on *Cook v. State*, 902 S.W.2d 471, 477–80 (Tex. Crim. App. 1995)). The court of criminal appeals mandated the appropriate inquiry when an appellant challenges an indictment for failure to vest jurisdiction on the trial court: "Can the trial court (and appellate courts who give deference to the trial court's assessment) and the defendant identify what penal code provision is alleged and is that penal code provision one that vests jurisdiction in the trial court?" *Id.* at 180. As stated above, Appellant does not argue on appeal that the indictment failed to allege a penal-code violation that the trial court had jurisdiction to adjudicate. Indeed, the indictment alleges the violation of section 22.11, which is an offense over which the trial court had jurisdiction. *See* Tex. Const. art. V, § 8 (setting out jurisdiction of district courts); Tex. Code Crim. Proc. Ann. art. 4.05 (West 2005) (same). The Texas constitution requires nothing more than this to

3

confer jurisdiction on the trial court. Tex. Const. art. V, § 12(b). *See generally Teal*, 230 S.W.3d at 177 ("[I]ndictments charging a person with committing an offense, once presented, invoke the jurisdiction of the trial court and jurisdiction is no longer contingent on whether the indictment contains defects of form or substance.").

Appellant's claim also fails because he has not shown that his substantial rights were prejudiced by the defect. *See* Tex. Code Crim. Proc. Ann. art. 21.19 (West 2009). A complaint that an indictment "was not returned by a lawfully chosen or empaneled grand jury" is a defect of form. *Id.* art. 27.09(3). Likewise, an indictment's failure to state that it "was presented in the district court of the county where the grand jury [was] in session" or that it was "the act of a grand jury of the proper county" are defects of form. *Id.* art. 21.02(2)–(3). With defects of form, there must be some prejudice shown: "An indictment shall not be held insufficient, nor shall the trial, judgment[,] or other proceedings thereon be affected, by reason of any defect of form which does not prejudice the substantial rights of the defendant." *Id.* art. 21.19.[3] Therefore, we must focus on the effect of the defect of form in the indictment and not on the trial court's ruling. 42 George E. Dix & John M. Schmolesky, *Texas Practice Series: Criminal Practice and Procedure* § 26:87 (3d ed. 2011).

---

[3]Even defects of substance in an indictment also are subject to a similar harmless-error analysis under rule 44.2(b). *Mercier v. State*, 322 S.W.3d 258, 263–64 (Tex. Crim. App. 2010).

Appellant does not attempt to show that his substantial rights were affected by the defect of form in the indictment, and indeed, they were not. *See, e.g.*, *Adams v. State*, 707 S.W.2d 900, 903–04 (Tex. Crim. App. 1986); *Fritz v. State*, No. 2-08-432-CR, 2009 WL 2138929, at *5 (Tex. App.—Fort Worth July 16, 2009, pet. ref'd) (mem. op., not designated for publication). We overrule Appellant's issue and affirm the trial court's judgment.

/s/ Lee Gabriel
LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DAUPHINOT, J., filed a dissenting opinion.

PUBLISH

DELIVERED: March 6, 2014